MASON, Circuit Judge
(dissenting) :
I respectfully dissent for the reason that I believe the claimant failed to establish by competent substantial evidence causal relationship between his injuries and his industrial accident. The stipulation of the parties did not supply this material deficiency in the evidence, and the finding of the Trial Judge of such a causal relationship can be sustained only by the medical reports of an examining physician, Dr. Peacock, which were received in evidence over the valid objection of the petitioners. The doctor was not a witness at the hearing and the admission of his written reports into evidence by the Judge amounted to a denial to the petitioners of the right of cross-examination of the scrivener of the reports. The error was not cured by the Judge’s offer to permit examination of the doctor after the hearing. And, without the substance of the doctor’s reports, the Judge’s finding that the claimant was totally disabled as a result of the accident, either temporarily or permanently, is without support in the evidence. True, a pretrial deposition of the doctor was admitted properly into evidence. But an examination of this deposition fails to disclose that the doctor therein opined any causal relationship between the accident and claimant’s injuries.
*246 The Trial Judge also committed error by departing from the stipulation of the parties in his holding that the claimant is totally disabled. The parties stipulated that the claimant had reached maximum medical improvement on January 8, 1968, and that no temporary total disability is due claimant. This Court has repeatedly held that it favors litigants’ and counsels’ stipulations and agreements designed to simplify, shorten, or settle litigation, thus saving costs to the parties and judicial labor; and that such stipulations or .agreements should be enforced by the Court unless good cause is shown to the contrary. Dunscombe v. Smith, 139 Fla. 497, 190 So. 796 (1939).
Finally, I find that the Trial Judge erred in his award of an attorney’s fee in the absence of any evidence in the record bearing upon the reasonableness of the fee awarded. The parties stipulated that an award of a fee could be made by the Judge based upon the submission of affidavits and the Fee Schedule of the Broward County Bar. However, no such affidavits were offered, nor was the Fee Schedule placed into evidence. The award of an attorney’s fee under such circumstances was likewise a departure from the parties’ stipulation, and furthermore is not supported by the evidence.
Because of these errors, which in my opinion were material and prejudicial to the petitioners, the award of the Trial Judge should be reversed and he directed to hold a new trial to determine the issues presented to him for adjudication, to make findings of fact based upon competent evidence submitted at such new trial pertaining to the causal relationship between the injuries complained of and the industrial accident involved, as well as the nature and extent of permanent disability, if any, suffered by the claimant, the extent, if any, of loss of wage earning capacity suffered as a result of his accident, and for the award of an attorney’s fee to claimant’s attorney.
I would therefore grant certiorari, quash the Trial Judge’s award, and remand the cause for new trial in accordance with my views herein expressed.
ROBERTS and BOYD, JJ., concur.